**Michael WEIST, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. A–6133.

Court of Appeals of Alaska.

Dec. 20, 1996.

Jason A. Steen, Gorton & Associates, Anchorage, for Appellant.

Carmen E. ClarkWeeks, Municipal Prosecutor, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

BRYNER, Chief Judge.

A jury convicted Michael Weist of concealment of merchandise. Weist appeals, contending that District Court Judge James N. Wanamaker violated his right to testify by failing to determine, through the inquiry required under Alaska Criminal Rule 27.1(b),[1] whether Weist's waiver of his right to testify was knowing and voluntary.

It is undisputed that Judge Wanamaker failed to conduct the requisite inquiry; neither Weist nor the municipality called this omission to the judge's attention at trial. Weist contends that the omission amounted to plain error. *See LaVigne v. State,* 812 P.2d 217 (Alaska 1991); *Knix v. State,* 922 P.2d 913, 917–19 (Alaska App.1996); *Noah v. State,* 887 P.2d 981, 983 (Alaska App.1995); *Hurn v. State,* 872 P.2d 189, 198 (Alaska App.1994). Weist argues that, in the absence of the Rule 27.1(b) inquiry, his conviction must be reversed.

1. Alaska Criminal Rule 27.1(b) provides:

   **Inquiry of Nontestifying Defendant.** Before the defense rests, the defense shall notify the court outside the presence of the jury that the defense intends to rest. If the defendant has not testified, the court shall ask the defendant to confirm that the decision not to testify is voluntary. This inquiry must be directed to the defendant personally and must be made on the record outside the presence of the jury.

Under the harmless error standard adopted in *LaVigne,* a defendant seeking reversal of a conviction based on a denial of the right to testify bears the threshold burden to show that the denial was prejudicial; to meet this burden, the defendant must "show he would have offered relevant testimony had he been allowed to testify at his trial." *LaVigne,* 812 P.2d at 221; *accord Knix,* 922 P.2d at 919 n. 8. Weist has neither shown nor offered to show that he would have had any relevant testimony to offer had the trial court conducted a *LaVigne* inquiry.

Weist's failure to allege or show prejudice reflects his assumption that the trial court's failure to conduct a Rule 27.1(b) inquiry must result in automatic reversal. This assumption is not necessarily inconsistent with the harmless error test adopted in *LaVigne,* since that case involved a waiver occurring in the absence of any rule requiring judicial inquiry into voluntariness. Now that Rule 27.1(b) expressly requires the trial court to inquire into the voluntariness of a defendant's decision not to testify, one might argue that a violation of the rule should automatically result in reversal.

However, we think that such an argument is untenable in light of *LaVigne* itself, where the supreme court first adopted the inquiry requirement. The *LaVigne* court explained that the requirement of an on-record inquiry into the voluntariness of a defendant's decision not to testify would "assist in any subsequent appellate review of a defendant's claim [of an invalid waiver]." 812 P.2d at 222. The supreme court's view that the inquiry would "assist in any subsequent appellate review" seems to contemplate case-by-case appellate review for voluntariness and thus implicitly recognizes that the absence of an express inquiry should not be deemed a ground for automatic reversal.

In the present case we see no justification to depart from the ordinary tenet that the violation of a rule should result in reversal only if the violation is prejudicial. Given Weist's failure to allege or show prejudice, the trial court's failure to comply with rule 27.1(b) must be deemed harmless.

We AFFIRM the conviction.